IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RASHEEN JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  CIVIL NO. 08-cv-730-JPG |
| | ) |
| **HARLEY G. LAPPIN,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

      Plaintiff, an inmate now confined at the United States Penitentiary located near Waymart, Pennsylvania (USP-Canaan), brings this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S.388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

      An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, No. 08-4286, 2009 WL 2535731, at *5 (7th Cir. Aug. 20, 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, No. 06-4260, 2009 WL 2498580, at *2 (7th Cir. Aug. 18, 2009).

**THE COMPLAINT**[1]

In 2005, Plaintiff filed a civil rights complaint in this Court alleging that he was confined in a frigid "dry cell" for six days without clothing, bedding, or personal-hygiene items, in violation of the Eighth Amendment. *See Johnson v. Lappin*, Case No. 05-900 (S.D.Ill.). In the instant complaint, Plaintiff contends that, after his prior case was filed, he was again subjected to the "dry cell" for another six days - in part because of his prior lawsuit and to prevent him from complaining about the conditions of confinement in the future. As such, Plaintiff's complaint appears to assert two claims: (1) that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment by being put in the dry cell; and (2) that the Defendants retaliated against him for

---

[1] For purposes of this review, the complaint consists of both the original complaint (Doc. 1) and his amended complaint (Doc. 6).

exercising his First Amendment rights.

**DISCUSSION**

In the instant complaint Plaintiff again alleges that he was confined in a "dry cell" without hygiene items, mail, and clothing. Plaintiff also alleges that the "dry cell" was frigid and unsanitary causing him to become sick. Plaintiff states that he complained about these conditions through the grievance process. These allegations are enough to plead an Eighth Amendment claim. *See Johnson v. Lapin*, No. 07-1465, 2008 WL 397575 (7th Cir. Feb. 14, 2008). Consequently, this claim survives review under § 1915A and should not be dismissed at this time.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Plaintiff asserts that he was placed in the "dry cell" in retaliation for his prior lawsuit and as a means to deter future complaints and grievances. It is reasonable for this Court to infer that the conditions of the "dry cell" would cause "a person of ordinary firmness" to stop or limit the filing of additional complaints. *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982). Consequently, Plaintiff's retaliation claim survives review under § 1915A and should not be dismissed at this time.

**DISPOSITION**

Plaintiff's motion to amend his complaint (Doc. 6) is **GRANTED**.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **Lappin, Petty, Gelios, Baning, and Revell.**. The Clerk shall forward those forms, USM-285 forms

3

submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **Lappin, Petty, Gelios, Baning, and Revell** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown John Doe Defendant until such time as Plaintiff has identified him by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**Dated: September 23, 2009.**

                                               **s/ J. Phil Gilbert**
                                               **U. S. District Judge**