UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RASHEED JOHNSON,

    Plaintiff,

v.

HARLEY G. LAPPIN, *et al.*,

    Defendants.

Case No. 08-cv-730-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 49) of Magistrate Clifford J. Proud recommending that the Court grant in part and deny in part the defendants' motions for summary judgment (Docs. 33 & 40).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court has received no objection to the Report. The Court has reviewed the entire file and finds that the Report is not clearly erroneous. Accordingly, the Court:

- **ADOPTS** the Report in its entirety (Doc. 49);

- **GRANTS in part** and **DENIES in part** the defendants' motions for summary judgment (Docs. 33 & 40);

- **ORDERS** that Johnson's claims regarding
    - the denial of clothing exchange and visitation while in the dry cell;
    - the denial of telephone and visitation privileges in the SHU;
    - retaliatory placement in a dry cell;

- retaliatory placement in the SHU,

  shall be allowed to proceed because they have been exhausted;

- **DISMISSES without prejudice** Johnson's claims regarding
  - all other conditions of confinement in the dry cell (the denial of bedding, personal hygiene items and mail, and that the cell was frigid and unsanitary);
  - the "Officer's [sic] in the SHU" tampering with plaintiff's legal mail while plaintiff was in the SHU;
  - defendant Petty's removing clothing, hygiene products and commissary items from plaintiff; and
  - defendant Braning's refusing to replace clothing or provide adequate cold weather apparel; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  February 7, 2011**

                                                           s/ J. Phil Gilbert
                                                           **J. PHIL GILBERT**
                                                           **DISTRICT JUDGE**