**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RASHEEN JOHNSON, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CASE NO. 08-cv-730-JPG-PMF |
| HARLEY G. LAPPIN, et al., | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court are plaintiff's motion to take deposition and defendants' second motion to dismiss for lack of prosecution. Because both motions address the same issue, they are considered together.

**I.   Background**

Plaintiff filed this *Bivens* action challenging aspects of his former prison confinement. Pursuant to a trial and practice schedule entered by Judge Proud, discovery was to be completed by July 31, 2010 (Doc. No. 30). That deadline was suspended pending ruling on motions regarding exhaustion of administrative remedies (Doc. No. 48).

Plaintiff escaped from custody in December, 2010, and failed to report his whereabouts in a timely manner. The delay in alerting the Clerk and the defense to address changes was relatively short and was not deemed an adequate ground for dismissal. A revised scheduling and discovery order was entered on January 4, 2011. The period for discovery was extended to April 29, 2011 (Doc. No. 51).

On January 18, 2011, plaintiff filed a notice of change of address. On March 1, 20011, the defendants served notice that plaintiff's deposition would be taken on April 5, 2011, at the United States

Attorneys Office in Fairview Heights, Illinois. The notice was sent by first class mail to plaintiff at his address in St. Louis, Missouri. Receipt is presumed. Plaintiff did not attend his deposition and did not contact defense counsel in advance of the day the deposition was scheduled. Defense counsel appeared at the appointed place and time, along with a court reporter. Plaintiff contacted defense counsel the day after the deposition was scheduled and explained his absence.

On April 12, 2011, plaintiff filed his motion to take deposition. In this motion, plaintiff acknowledges that he failed to appear for the April 5, 2011, deposition. He suggests that the deposition should be rescheduled because his failure to attend was not entirely his fault. He explains that he is serving a term of supervised release. One of the conditions of his release is that he remain in the State of Missouri. On the date of the deposition, plaintiff had requested – but had not yet received – permission to travel to Illinois. Plaintiff has now received permission to travel to Illinois (Doc. No. 75).

Defendants point out that they mailed their deposition notice almost five weeks before the date selected for the deposition, giving plaintiff ample time to make any arrangements that were necessary.

## II. Lack of Prosecution

Dismissal for want of prosecution is an extraordinarily harsh sanction that is reserved for situations where there is a clear record of delay or contumacious conduct. *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008). Rule 37(d) authorized dismissal as a sanction for a party's failure to appear for a deposition after being served with proper notice. Fed. R. Civ. P. 37(d)(1)(A)(I).

Plaintiff is proceeding in forma pauperis. The affidavits on file show that he is not employed and lacks the financial capacity to pay a monetary sanction or reimburse the defendants for the reasonable expenses they incurred on April 5, 2011 (Doc. Nos. 10, 65). Monetary sanctions are not usually effective when imposed against a litigant in plaintiff's position. *Hoskins v. Dart*, 633 F.3d 541,

544 (7th Cir. 2011). Other available sanctions, such as a restriction from testifying at trial, would be equivalent to the sanction of dismissal in these circumstances.

The Court has considered all of plaintiff's conduct and finds a sufficient pattern of willfulness to warrant the sanction of dismissal. The initial failure to promptly notify the Court and defense counsel of a current address was willful. The failure to obtain permission to leave Missouri in order to attend the deposition is a closer question; still, the materials on file do not show that plaintiff promptly sought permission to travel to Illinois. His failure to contact defense counsel in advance of the deposition in order to explain the situation and ask to reschedule the deposition was willful. The period for discovery has now closed, and another extension of the discovery deadline is not warranted under the circumstances. All factors considered, the sanction of dismissal is appropriate.

### III. Conclusion

IT IS RECOMMENDED that defendant's second motion to dismiss for want of prosecution (Doc. No. 76) be GRANTED. If this recommendation is adopted, plaintiff's motion to take deposition (Doc. No. 75) will be moot.

**SUBMITTED:  May 19, 2011  .**

  S/Philip M. Frazier
**PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE**